[Civ. No. 8617. Third Dist. July 20, 1955.]

ELLIS R. DELBON, Respondent, v. IRMA F. BRAZIL, Appellant.

*Assigned by Chairman of Judicial Council.

George G. Murry for Appellant.

Gilbert Moody for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment in the amount of $3,200 in an action to recover a real estate broker's commission.

The action was based upon a brokerage contract which gave to respondent, a licensed real estate broker, an exclusive right to sell real property during the period from June 16 to July 16, 1952. That contract contained the following provisions: The appellant as owner of the property involved agreed to pay respondent "the agreed commission upon the actual sales price if the above described property is sold or agreed to be sold to any person prior to the termination of such right, or if such property is sold or agreed to be sold within 30 days thereafter to any person with whom said Broker or his agent negotiated for its sale, prior to the expiration date hereof." Respondent's action was based upon the second alternative.

There was substantial evidence of the following: A licensed real estate salesman employed by respondent held an interview with Horace C. Spencer, who later purchased the property, in the respondent's office. This occurred July 11, 1952. During that conference and for an hour or more the salesman discussed appellant's property with Spencer. In part he told Spencer that the property would be good clover ground,

easily leveled, gave him the approximate slope of the lands, and stated the listing price of $225 per acre. During the interview he offered to show the property to Spencer, but the latter replied that he preferred to go alone, whereupon the salesman drew a diagram of the location of the property for Spencer so that he would be able to find it. Three days later the salesman telephoned Spencer who said he had looked at the property and wanted more information as to the legal description, the amount of water available for use on the property, and the amount of taxes and assessments thereon. The next day the salesman journeyed to Merced and obtained this information. He telephoned the information to Spencer and at that time gave him the name and address of appellant as owner. Spencer replied that he was then looking at another property and would let the salesman know when he decided one way or another. Within a week the salesman telephoned Spencer again and was informed that Spencer was still waiting to decide between appellant's property and another. Spencer was interested at the time in the purchase of a large piece of land, had known the property was for sale, and had seen it before his visit to respondent's office, but not as a prospective purchaser. About a week before Spencer purchased the property he went to the office of a second real estate broker, through whom he purchased the property after July 16, that is, after the expiration of respondent's exclusive agency but within 30 days thereafter. He purchased it at a lower price than the price quoted by respondent's salesman. It appears that after the expiration of respondent's listing the appellant had listed the property with the second broker. Not all of the above testimony was uncontradicted, but under the familiar rule we must, in support of the trial court's judgment, assume the truth thereof.

The trial court, after quoting the material provisions of the agreement, found that "pursuant to said written agreement, plaintiff by and through his salesman . . . negotiated with one Horace Spencer for the purchase of said real property"; that Spencer had purchased the property within 30 days after the expiration of respondent's exclusive listing, and as a conclusion of law from those findings declared that respondent was entitled to recover the agreed commission, that is, 5 per cent upon the actual sales price, amounting to the sum for which judgment was given.

Appellant contends the finding that respondent negotiated with Spencer for the sale of the property is contrary to law

and the evidence and that judgment must be reversed for failure to establish that respondent was the procuring or efficient cause of the sale to Spencer. With this we do not agree. ■ Under the contract respondent was to be paid a commission in either of two events: (1) Consummation of a sale or an agreement therefor between June 16 and July 16, 1952; or (2) a sale within 30 days thereafter to any person with whom respondent had "negotiated for a sale" during that period. To collect a brokerage for a sale, respondent would, of course, have had to have been the procuring cause thereof, but to carry that requirement over into the second provision for payment of commission would be to rob the latter of any meaning not already contained within the former except as to the extended period. To recover under the second provision it was not necessary that respondent be the procuring cause of the sale to Spencer. Under the latter clause the fact that another broker was active in effecting the sale and inducing the purchaser to buy does not prevent respondent's recovery. (*Maze* v. *Gordon,* 96 Cal. 61, 66-67 [30 P. 962]; *Kimmell* v. *Skelly,* 130 Cal. 555, 560 [62 P. 1067]; *Mills* v. *Hunter,* 103 Cal.App.2d 352, 357 [229 P.2d 456]; *Baumgartner* v. *Meek,* 126 Cal.App.2d 505, 508 [272 P.2d 552].) See also 27 American Law Reports 2d 1348, 1408 et seq. What would constitute in this case "negotiation for a sale" was primarily a question of fact for resolution by the trial court. (*Munson* v. *Furrer,* 261 Wis. 634 [53 N.W.2d 697, 699].) Obviously negotiation for a sale is something less than an actual sale. The parties to a broker's contract are at liberty to make the compensation of the broker depend upon any lawful conditions they see fit to place therein. The simple question is, what does the contract provide? (*Baumgartner* v. *Meek,* supra, p. 510.) In *Munson* v. *Furrer,* supra (also 12 C.J.S. 203) it was said that "negotiation," when used in a contract such as here before us, meant that the "efforts of the broker to interest a prospect must have proceeded to the point where the prospect would be considered a likely purchaser." "Ordinarily," said the court, "this would be a question of fact for determination by the jury."

We think the trial court properly interpreted the contract and that the evidence presented before it amply sustains its conclusion that all of the conditions under which, by the contract, the owner was obligated to pay a commission to respondent based on the actual sales price of the property were present.

■ Appellant makes a further contention that the trial court's conclusions of law and judgment are not sustained by the findings of fact. They point out, and correctly, that for respondent to succeed in his action he had to prove that respondent's ''negotiations for a sale'' occurred prior to the termination of his exclusive listing. And they say that the court failed to specifically find that this contract requirement had been met. ■ Findings must be construed liberally in support of the judgment. (*K. & M. Inc.* v. *LeCuyer*, 107 Cal. App.2d 710 [238 P.2d 28] ; *Heifetz* v. *Bell*, 101 Cal.App.2d 275 [225 P.2d 231].) The rule is peculiarly applicable in the absence of a request for more specific findings. Appellant requested none. In view of the evidence which would support a specific finding that respondent negotiated with Spencer for a sale, during the period June 16 to July 16, the court's findings were sufficient.

Judgment affirmed.

Finley, J. pro tem.*

A petition for a rehearing was denied August 17, 1955.

---

*Assigned by Chairman of Judicial Council.