CRADDOLPH, APPELLANT, v. ACKERMAN, DIRECTOR, APPELLEE.

[Cite as Craddolph v. Ackerman (1978),
57 Ohio App. 2d 150.]

(No. 77AP-893—Decided April 18, 1978.)

*Ms. Dixie F. Moss,* for appellant.
*Mr. William J. Brown,* attorney general, and *Mr. Robert P. Sherman,* for appellee.

STRAUSBAUGH, J. This is an appeal from a judgment of the Common Pleas Court affirming the order of the State Personnel Board of Review, dismissing appellant's appeal and ruling that the findings of both the appointing authority and the State Personnel Board of Review were clearly supported by reliable, substantial and probative evidence and that the actions taken were proper and in accordance with the law.

The record indicates that appellant was a classified employee with the Ohio Department of Health employed as a Clerk-Typist II. On June 9, 1976, appellant pled guilty to one count of theft by deception in that appellant had received funds from the Department of Public Welfare to which she was not entitled. On August 5, 1976 she was sentenced to one to five years imprisonment, all but 21 days of which sentence was suspended and appellant placed on probation for a period of two years. The trial court ordered that she be allowed to serve the 21 days of incarceration in the County Workhouse on weekends. On August 13, 1976, the appointing authority, John H. Ackerman, ordered appellant removed from her position as Clerk-Typist II effective August 20, 1976, setting forth as grounds for removal, "* * * that you have been guilty of dishonesty in the following particulars, to wit: you have been found guilty of theft by deception in the Franklin County Court

of Common Pleas for having received funds to which you were not entitled from the Department of Public Welfare, State of Ohio. * * *'' Appellant appealed to the State Personnel Board of Review which conducted a hearing on April 20, 1977. The appellant testified that her responsibilities included typing for two doctors and secretarial duties of typing and filing for three nurses; that her duties do not include the handling of any funds or confidential papers; that she had no prior criminal record and that the reason for her criminal act was the destruction of her home by fire, costly eye surgeries on her daughter and the imprisonment of her husband.

The appointing authority, Dr. John A. Ackerman, testified in answer to the question why honesty is important to her position:

"There are many items that involve individual patients, individual citizens, matters of law that would be handled by clerk-typist during the course of their duties for the department; and we feel that it is critical that we can trust the people that handle those (Tr-18) documents, that the information does not get into the wrong hands or is not used for some wrongful purpose."

Appellant brings two assignments of error:

"1. The court below erred in finding that Ohio Revised Code Section 124.34 does not require a reasonable relationship between the conduct for which a civil servant is discharged and the employment.

"2. The court below erred in reaching the conclusion that there was substantial, reliable, and probative evidence to support a finding that a particular character trait was a job requirement and that appellant conduct showed a lack of the necessary characteristic."

R. C. 124.34 provides:

"The tenure of every officer or employee in the classified service of the state * * * shall be during good behavior and efficient service and no such officer or employee shall be * * * removed, except * * * for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of such sections or the rules of the director of administrative services or the commission, or any other fail-

ure of good behavior or any other acts of misfeasance, malfeasance, or nonfeasance in office.* * *''

Appellant argues that the grounds for dismissal of a classified civil servant must be restricted to a relationship or a nexus to appellant's employment. Appellant argues that it is clear that the words ''in office'' refers to both phrases and thereby to all the enumerated acts which are specific examples of failure of good behavior, misfeasance, malfeasance, or nonfeasance. We cannot agree. We find that dishonesty of an employee or officeholder need not be job related. The phrase ''in office'' means acts which occur while the officer or employee in the classified service is employed and not such acts occurring before the officer or employee becomes employed. Honesty is a basic character trait. Where there is dishonesty of an officer or employee in the classified service there is no need to find a relationship with employment and there is no need to become involved with the question of nexus.

This does not mean of course that an employee is *required* to be removed from office but, rather, such reasons may be *grounds* for removal within the discretion of the appointing authority.

In this case we find no abuse of discretion on the part of the appointing authority in the removal of the appellant. Here the offense consisted of a felony committed by appellant involving theft from the state, the employer of appellant. Although we find that there is no necessity to find a relationship between the dishonesty of the employee and her job, the testimony of Dr. Ackerman makes it clear that in his opinion it is critical that he be able to trust the people that handle documents in order that information does not get into the wrong hands, or is not used for some wrongful purpose. We find that the testimony of Dr. Ackerman satisfies the nexus test which appellant claims is required. We therefore find that both of appellant's assignments of error are not well taken and both are, therefore, overruled and the judgment is affirmed.

*Judgment affirmed.*

HOLMES, P. J., and McCORMAC, J., concur.