## In re Grievance of Michael Yashko

[415 A.2d 1322]

No. 102-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 3, 1980

*Donald C. Arbitblit* and *Peter F. Langrock* of *Langrock Sperry Parker & Stahl,* Middlebury, for Plaintiff.

*M. Jerome Diamond,* Attorney General, and *Bennett E. Greene,* Assistant Attorney General, Montpelier, for Defendant.

**Larrow, J.** Appellant Yashko has appealed an order of the State Labor Relations Board sustaining his discharge from employment as a sanitarian in the Health Department and dismissing his grievance filed as a result of this discharge. Although questioning the wisdom of the discharge under all the circumstances, the Board concluded that it was unable to find it "legally unsupportable" and affirmed the state's dismissal. We disagree, for the reasons hereinafter set out, and order appellant's reinstatement with pay.

The circumstances under which this case arises are due in large part to a substantial error in the first order which the Board entered in connection with this matter, an appeal from which was dismissed by this Court for lack of jurisdiction. *Re Grievance of Michael Yashko,* 136 Vt. 630, 388 A.2d 34 (1978) (mem.). In that order, the Board directed that Yashko, who had been dismissed, be reinstated for a three-month "probationary" period. The parties in effect agree, and there can be little doubt, that this was a misnomer. A probationary period under the collective bargaining agreement between the Vermont State Employees' Association and the State, as the Board found in its second order, applies only to the status of a new employee. At the termination of this period, the employee may be discharged without cause. Subsequent to the probation period, however, an employee in permanent status (appellant here was a ten-year employee) may be given a "warning period" and thereafter discharged only for just cause. The existence *vel non* of just cause is therefore the focal point of this appeal.

We have had occasion to delineate the requirements of "just cause."

> The ultimate criterion of just cause is whether the employer acted reasonably in discharging the employee because of misconduct. We hold that a discharge may be upheld as one for "cause" only if it meets two criteria of reasonableness: one that it is reasonable to discharge employees because of certain conduct, and the other, that the employee had fair notice, express or fairly implied, that such conduct would be ground for discharge. (Citations omitted.)

*In re Grievance of Albert Brooks,* 135 Vt. 563, 568, 382 A.2d 204, 207–08 (1977).

■ From the record, serious doubts exist as to whether or not the Board specifically found facts constituting just cause. There is such a conclusion, but the factual findings are primarily a recital of the reasons given by the appellant's supervisor for her decision to discharge him. Under the familiar rule of *Krupp* v. *Krupp,* 126 Vt. 511, 236 A.2d 653 (1967), such recitals are not findings.

Moreover, the Board characterized the supervisor's reports as "occasionally picayune and trivial and perhaps difficult for an employee to adjust to." A review of them certainly justifies that conclusion, and demonstrates inconsistencies within the reports themselves. The element of misconduct required as a basis for just cause has, indeed, scant justification in this record.

█ We do not, however, rest our decision upon that ground. We need not do so, because the element of fair notice is completely negated by the record. As the Board itself concedes, its first order was "not crystal clear." It left a situation where Yashko, reinstated for a three-month period, considered, albeit wrongly, that he had been placed on probationary status. His supervisor had the same conception. Both went through that period thinking that at its termination he could be discharged without cause. Confirmatory of this, he had been reduced in pay to the level of a new probationer, a situation remedied by a later interim order of the Board, not appealed from. The Board concluded that this situation was "legally irrelevant." We disagree.

During the period in question, we have an employee of ten years standing, informed of relegation to a status of complete uncertainty, without any of the contractual safeguards provided for him. We have a supervisor acting under the same assumption. Both of these impressions were fostered and fortified by the Board's ruling. This was not fair notice that actions on his part, or inactions, might be cause for dismissal. It was notice that he was subject to dismissal without cause. Only when his final notice was given him did any reference to cause appear, and then only as an alternative basis for dismissal "in the event the Board rules you have been in a 'warning period.'"

Under the outlined circumstances, we hold that the requirement of fair notice was not met. Prior to actual termination, Yashko's only notice was that he could be terminated without cause, not that any specified conduct would be *grounds* for dismissal. We do not think this fact "irrelevant." Its effect upon a longtime employee is not just conjectural; it was in fact corroborated by expert psychological testimony. The order appealed from must be reversed, and appellant reinstated to his former position.

Appellant urges as a further ground for reversal the fact that the record demonstrates a clear bias against him on the part of his supervisor, forming the real reason for his dismissal. He raised this point in his amended appeal to the Board, and made a strong record on it during the hearing. The Board made no specific findings on this, and our view with respect to lack of fair notice makes its determination unnecessary. We would, however, strongly commend the making of specific findings with respect to a raised point which could well be determinative.

*The February 16, 1979, order of the State Labor Relations Board is reversed. Appellant Michael Yashko is ordered to be reinstated to his former position as sanitarian in the Department of Health and to be paid by that Department full pay at the applicable rate from and after October 17, 1978, to the date of such reinstatement. To be certified to the State Labor Relations Board and the Department of Health.*