## In re Grievance of the Vermont State Employees' Association Inc., on Behalf of Certain "Phase Down" Employees

[421 A.2d 1311]

No. 107-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 11, 1980

*Michael R. Zimmerman*, Montpelier, for Plaintiff.

*M. Jerome Diamond*, Attorney General, and *Louis P. Peck*, Chief Assistant Attorney General, Montpelier, for Defendant.

**Hill, J.** In 1976, the State of Vermont and the Vermont State Employees Association, Inc. (VSEA) negotiated a collective bargaining agreement, covering the period from July 5, 1976, to July 1, 1979, for the following state employees: cottage and house parents; certain employees of the Fish and Game Department; certain employees of the Department of Highways; and certain communication technicians. These employees traditionally had worked more than forty hours per week, and it was the purpose of the bargaining agreement to gradually phase them down to a forty-hour work week. In order to ameliorate the effect of the loss of income to these employees, the State and VSEA entered into several special arrangements. In separate sections of the agreement, it was provided that each of the above "groups of employees would receive lump sum payments at the end of a fiscal year if their gross earnings were less than a certain percentage of their annual salary." The agreement further provided that the lump sum payments were to terminate on July 1, 1978. In addition, in article XXXII of the agreement, the provision in dispute here, it was provided that holidays would be considered as time actually worked for the purposes of computing eligibility for overtime compensation.

> Notwithstanding other provisions of this agreement regarding Holiday Pay and overtime computation, holidays will be counted as Time Actually Worked "for purposes of computing eligibility for overtime compensation for those employees of the Department of Highways, Department of Liquor Control, Agency of Human Services, Department of Public Safety, and Department of Fish and Game, who are being phased down" to forty-hour weekly schedules and wages under Articles XXXII, XXXIV, XXXV, XXXVI, and XXXVII of this agreement.

The State argues that the benefits conferred by article XXXII terminated when the lump sum payments under the various other articles terminated. VSEA, on the other hand, claims that the benefits conferred by article XXXII did not terminate until the entire agreement came to an end on July 1, 1979.

■ It is the duty of this Court to interpret the provisions of a disputed contract, not remake it, or ignore it. *South Burlington School District* v. *Calcagni-Frazier-Zajchowski Architects, Inc.,* 138 Vt. 33, 43, 410 A.2d 1359, 1363 (1980). In carrying out this task, we are guided by the rule of construction that "[a] contract must be construed, if possible, so as to give effect to every part, and from the parts to form a harmonious whole." *Jackson* v. *Rogers,* 120 Vt. 138, 141, 134 A.2d 620, 622 (1957).

■ Construing the present contract according to the dictates of that rule, we are compelled to agree with the interpretation advanced by VSEA. The termination date of the collective bargaining agreement was July 1, 1979. Where, however, the parties intended that particular benefits, *viz.,* the lump sum payments, terminate on a date other than the termination date of the agreement, they so provided. This can only be taken to mean that benefits which were not tied to a particular termination date were to terminate at the end of the agreement. And since the benefits conferred by article XXXII fall into the latter class, the Labor Relations Board erred in holding that they terminated with the lump sum payments.

*The decision of the Labor Relations Board is reversed, and the benefits conferred by article XXXII of the collective bargaining agreement are held to have terminated on July 1, 1979.*