**Quechee Lakes Corporation v. Robert E. Terrosi**

[451 A.2d 1080]

No. 250-80

Present: **Barney, C.J., Billings, Hill, Underwood and Peck, JJ.**

Opinion Filed August 31, 1982

548

*Mahady, Johnson, Dunne, Hershenson & Scott,* Norwich, for Plaintiff-Appellee.

*Philip E. Bonz* and *Mark D. Oettinger,* Law Offices of *Robert J. O'Donnell,* Woodstock, for Defendant-Appellant.

**Underwood, J.** The defendant, a contractor, appeals an order requiring him to pay to the plaintiff, a land developer, the

balance due on a piece of real estate according to the provisions of a contract between them. The defendant alleges numerous points of error. We find one of his claims has merit. He correctly asserts that the trial court erred by holding his counterclaim for rescission barred by a statute of limitations. We deal with this issue first, and then address the defendant's remaining claims.

Plaintiff and defendant entered into a contract for the plaintiff to sell and the defendant to buy a lot in the plaintiff's Quechee Lakes Development on July 1, 1974. Closing took place on August 28, 1974. When the defendant defaulted on his obligation to make monthly payments to the financing bank, the plaintiff paid off the defendant's note, and brought this action against the defendant for the balance due on July 17, 1978. In an answer filed on August 29, 1978, the defendant interposed 14 affirmative defenses, one of which was the plaintiff's alleged failure to comply with provisions of the federal Interstate Land Sales Full Disclosure Act (hereinafter Act).

The Act mandates that "It shall be unlawful for any developer . . . to sell . . . any lot . . . unless . . . a printed property report . . . is furnished to the purchaser in advance of the signing of any contract or agreement for sale or lease by the purchaser . . . ." 15 U.S.C.A. § 1703 (a) (1).

 "If a property report is not furnished, the execution of an agreement to sell is a violation of the Act. It gives rise to a cause of action to rescind the agreement." *Gaudet* v. *Woodlake Development Co.*, 413 F. Supp. 486, 488 (E.D. La. 1976). The Act, however, contains a limitation section which then provided, "In no event shall any such action be brought by a purchaser more than three years after the sale or lease to such purchaser." 15 U.S.C.A. § 1711. Notwithstanding the defendant's arguments to the contrary, a sale takes place "at the time of signing the initial contract," not when all installments due under it are finally paid. *Aldrich* v. *McCulloch Properties, Inc.*, 627 F.2d 1036, 1043–44 (10th Cir. 1980).

Clearly, the defendant would be barred by the three-year statute of limitations from bringing a separate action for rescission. A different situation exists, however, when an otherwise barred action is brought in recoupment.

█ █ Recoupment is a species of counterclaim which a defendant may assert only if it arises out of the same transaction as the plaintiff's claim, and then only as a defensive device to defeat or diminish the plaintiff's recovery. 6 C. Wright and A. Miller, Federal Practice and Procedure § 1401 (1971). It is to be distinguished from a set-off, which does permit affirmative relief and which may involve an unrelated claim, but which is limited by the requirement that the claim be for a liquidated amount, or arise out of a contract or judgment. *Id.*

At federal common law, a defense of recoupment "is never barred by the statute of limitations so long as the main action itself is timely." *Stone* v. *White,* 301 U.S. 532, 539 (1937). See also *United States* v. *Thurber,* 376 F. Supp. 670, 674 (D. Vt. 1974). Vermont accomplishes this result by statute. 12 V.S.A. § 463 provides:

> A cross-claim or counterclaim shall not be brought if an independent action upon the same claim would have been barred under the provisions of this chapter at the time of commencement of the plaintiff's action, except that a counterclaim arising out of the transaction or occurrence that is the subject matter of plaintiff's claim shall be allowed, to the extent of plaintiff's demand, at any time.

█ Since both state and federal law recognize the doctrine of recoupment and allow the defendant to assert it defensively, up to the limit of the plaintiff's claim, it is not necessary to determine whether federal or state law ought to prevail. See generally Annot., 36 A.L.R. Fed. 657 (1978).

█ The trial court's holding that the statute of limitations barred the defensive assertion of the statutory claim for rescission created by the Interstate Land Sales Full Disclosure Act is unsupported by any finding that recoupment is inappropriate in these circumstances, and therefore must be reversed and remanded for further findings.

Most of the defendant's remaining points of error argue that the evidence before the trial court either compels a finding not made or precludes a finding which was made. One such argument addresses the circumstances surrounding the

issue of the defendant's right to rescind because of the plaintiff's failure to provide a property report as required by the Act. The defendant claims that the evidence requires the court to find that no property report was given to him. The court, however, merely recited some of the evidence on the issue:

> Although the Purchase and Sale Agreement contains a statement that the defendant received a copy, the defendant does not remember seeing or being given a property report until he was shown one by his attorney some time after the commencement of this action.

While a finding on this issue might be dispositive, we are unable to say that the conflicting evidence in the record compels a finding either way.

"[T]he weight of the evidence, the credibility of the witnesses and the persuasive effect of the testimony is for the sole determination of the trier of fact." *Armstrong* v. *Hanover Insurance Co.*, 130 Vt. 182, 185, 289 A.2d 669, 671 (1972). When parties argue the evidence on appeal, we take the evidence "in the light most favorable to the prevailing party . . . excluding the effect of any modifying evidence." *Green Mountain Marble Co.* v. *State Highway Board*, 130 Vt. 455, 457, 296 A.2d 198, 200 (1972). The evidence, when viewed in this light, does not require a finding that the property order was never delivered. "We would, however, strongly commend the making of specific findings with respect to a raised point which could well be determinative," when the matter is reconsidered upon remand. *In re Yashko*, 138 Vt. 364, 367, 415 A.2d 1322, 1324 (1980).

The defendant also argues that the evidentiary record compels the conclusion that the trial court erred by (1) refusing to find that the plaintiff had, by its actions, elected another contractual remedy, and was thus precluded from declaring the remaining purchase price immediately due and seeking to enforce payment in this proceeding; (2) refusing to find that the plaintiff had violated the Vermont Consumer Fraud statutes; (3) refusing to find that the plaintiff's behavior was so deficient as to make the contract for the sale of land illegal and unenforceable; and (4) that the trial court erred in finding that the plaintiff's substantial compliance with the con-

tract combined with the business benefits received by the defendant, which led him to execute the contract in the first place, preclude assertion of an equitable right to rescission.

Here too, when the evidence is taken "in the light most favorable to the prevailing party . . . excluding the effect of any modifying evidence," *Green Mountain Marble Co.* v. *State Highway Board, supra,* 130 Vt. at 457, 296 A.2d at 200, no error appears as to any of these issues.

The defendant also launches a broad-gauged evidentiary attack which is so vague that we are unable to reach it:

> The defendant submitted to the trial court extensive requests for findings in its Defendant's Requests for Findings and Conclusions of Law. All of these requests related to issues raised in the pleadings and on which evidence was presented during the hearings before the trial court. The trial court was in error in not making findings on these issues on the basis of the evidence presented.

"Time and again we have reiterated our position on inadequate briefing: this Court will not search the record for errors inadequately briefed." *Bishop* v. *Town of Barre,* 140 Vt. 564, 579, 442 A.2d 50, 57 (1982); *Quazzo* v. *Quazzo,* 136 Vt. 107, 111, 386 A.2d 638, 641 (1978).

Finally, the defendant also argues that the plaintiff is not entitled to the equitable relief of specific performance because of its failure to treat the defendant equitably. Two flaws mar this argument. First, it is completely unsupported by any finding that the plaintiff in fact treated the defendant inequitably, and the presence of findings that the plaintiff had substantially complied with the contract. More important, however, the plaintiff here does not come seeking equity, but to enforce a specific contractual provision which gives it the right, upon defendant's default, to declare the unpaid portion of the purchase price due immediately. Thus the plaintiff's action lies in contract, not in equity.

*Reversed as to defendant's claim for recoupment arising out of the Interstate Land Sales Full Disclosure Act, and remanded for further proceedings consistent with this opinion. Affirmed as to all other issues.*