In re Grievance of VSEA, Inc. on Behalf of the Meat
Inspectors, Department of Agriculture

[451 A.2d 1136]

No. 190-81

Present: Barney, C.J., Billings, Hill and Underwood, JJ.,
and Daley, J. (Ret.), Specially Assigned

Opinion Filed September 7, 1982

*Michael R. Zimmerman*, Montpelier, for Plaintiffs-Appellants.

*John J. Easton, Jr.*, Attorney General, and *J. Scott Cameron*, Assistant Attorney General, Montpelier, for Defendant-Appellee.

**Hill, J.** This is an appeal from a decision of the Vermont Labor Relations Board (Board) denying the grievance of certain meat inspectors from the Vermont Department of Agriculture (Department) concerning overtime pay. We affirm.

This case first came to the attention of the Board on October 21, 1976, when a grievance was filed. Since then the case has wended a tortuous path between the Board and this Court so that this appeal represents the fourth time we have acted upon it. At last we are able to reach the merits of this dispute. Ironically, the substantive issues prove to be as simple as the procedural ones were complex.

The Board's factual findings show that the grievants were employed as meat inspectors. Their duty was to insure the wholesomeness of meat products slaughtered, processed, or sold in Vermont. They performed these functions in slaughterhouses licensed by the Vermont Department of Agriculture, processing plants licensed by the Department, and retail stores carrying meat products.

The grievants, with the knowledge of the Department, used their homes for various work-related purposes. The Board found, however, that the great bulk of the work done by

grievants was performed on site, i.e., at slaughterhouses, processing plants, and retail stores. The amount of work done at home was minimal. The preservation of meat and blood samples in their refrigerators, pending transfer to laboratories for analysis, was the only work-related function that could not be done elsewhere.

· Prior to 1973 the Department provided the meat inspectors with state-owned vehicles. Beginning in July of 1973 the State no longer furnished the vehicles. The inspectors then used their own cars from their homes to the various sites of their work. They were paid mileage from their homes, which had been designated "official" or "duty" or "official duty" stations. They were never paid overtime for this travel time between home and the work sites. The sole issue in this case is whether the grievants were entitled to overtime pay for travel time between their homes and assignments for the period January 1, 1973, to November 1, 1976.

Our starting point, of course, is the governing contractual agreement. See *In re Grievance of the Vermont State Employees' Association ("Phase Down" Employees)*, 139 Vt. 63, 65, 421 A.2d 1311, 1312 (1980). The following provision governed the payment of overtime for travel, and was in effect throughout this dispute.

> It is expected that travel time between work locations shall be conducted during normal working hours. Employees are not eligible for overtime compensation for travel time except where an employee is travelling from work location to work location. The term "work location" for purposes of this section does not include the employee's home or travel to and from conventions, seminars, training courses, study groups, and related activities.

The Board concluded that this provision was unambiguous and precluded any overtime for the grievants' travel to and from their homes. The grievants challenge the conclusion of the Board, and claim that the agreement provision was ambiguous. They allege that their homes were "work locations," thereby entitling them to pay for travel from home to other work sites.

We disagree with the grievants; there is no ambiguity. "The term work location . . . does not include the employee's home . . . ." It follows, then, that whatever the employee's home is designated for other purposes, the contract explicitly forbade overtime pay for travelling from home to other work sites. "A contract will be interpreted by the common meaning of its words where the language is clear." *In re Stacey*, 138 Vt. 68, 71, 411 A.2d 1359, 1361 (1980). The Board correctly denied the claim for overtime pay.

*Affirmed.*