## Louis Garafano v. Craig Wells

[458 A.2d 1122]

No. 82-019

Present: Billings, C.J., Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed April 5, 1983

*John R. Barrera* of *Conley and Foote,* Middlebury, for Plaintiff-Appellee.

*Paul S. Kulig* of *Keyser, Crowley, Banse, Abell & Facey,* Rutland, for Defendant-Appellant.

**Billings, C.J.** Plaintiff Louis Garafano brought an action against defendant Craig Wells for breach of an oral contract, seeking compensatory and punitive damages. Defendant denied the contract, and in the alternative argued that the agreement violated Vermont law governing real estate brokers and was therefore unenforceable. The case was tried to a jury, which awarded plaintiff compensatory but not punitive damages, and it is from the resulting judgment that defendant appeals.

Taking the evidence on the breach of contract claim in the light most favorable to the plaintiff and excluding the effects of modifying evidence, as we must, *Quechee Lakes Corp.* v. *Terrosi,* 141 Vt. 547, 552, 451 A.2d 1080, 1083 (1982) ; *Evarts* v. *Forte,* 135 Vt. 306, 307, 376 A.2d 766, 767 (1977), the facts are as follows. In the fall of 1978 plaintiff, then a pasta salesman in Rutland, Vermont, learned through one of his customers of a man who was about to be transferred to Rutland from Illinois, and who wanted to purchase a residence promptly upon his arrival. Plaintiff contacted defendant, a Rutland area real estate broker, and offered to disclose the name of this prospective purchaser in exchange for a third of any commission which defendant might receive from the ultimate sale. This offer was orally accepted, and plaintiff proceeded to identify the purchaser. Several months later, defendant successfully sold a home to this purchaser, whereupon plaintiff demanded his one-third commission and defendant refused to pay.

The sole issue on appeal is whether an agreement to act as a "finder," i.e., to disclose the identity of a prospective purchaser of real estate in exchange for a split of any resulting commission, is prohibited by 26 V.S.A. § 2212. That section forbids unlicensed persons from "engag[ing] in the business or act[ing] in the capacity of real estate broker or salesman," as such activity is defined in 26 V.S.A. § 2211. Defendant admits that the only portion of 26 V.S.A. § 2211 which arguably applies to the facts in this case is the following: "a real estate broker means a person . . . who, for a consideration . . . negotiates the purchase, exchange or sale of real estate." Defendant maintains that term "negotiate" should be liberally construed, thus bringing plaintiff's actions within the prohibition and rendering the contract unenforceable.

■■  We cannot agree. We have recently had occasion to define "negotiation," in the context of real estate brokerage transactions, as "a dialogue or discussion with the purpose of agreement, directed to the adjustment of differences presented at the outset." *Moses* v. *Gagne*, 140 Vt. 43, 48, 433 A.2d 315, 318 (1981) (citing *King* v. *Dean*, 15 Ohio App. 2d 15, 18, 238 N.E.2d 828, 832 (1968)). Thus, to constitute negotiation the efforts of a broker must, at a minimum, include bringing together a prospective purchaser and a prospective seller in an attempt to facilitate the sale, and these efforts "must have proceeded to the point where the prospect would be reasonably considered a realistic prospect for the purchase of the property." *Id.* (citing *Munson* v. *Furrer*, 261 Wis. 634, 639, 53 N.W.2d 697, 699 (1952)).

■■  In this case, plaintiff undertook no actions which could be characterized as negotiating the purchase or sale of real estate. He had neither knowledge of, nor contact with, the ultimate seller, nor was he in any way involved in the events which culminated in the sale. His clearly circumscribed role was that of a "finder," responsible only for introducing the prospective purchaser to defendant, a licensed broker. As we have said elsewhere, a transaction in the nature of a finder's agreement is not a real estate sales transaction, *Selected Listings Co.* v. *Humiston*, 135 Vt. 106, 108, 370 A.2d

1297, 1299 (1977), and is therefore outside the purview of the real estate brokerage laws.

Thus, the contract entered into between plaintiff and defendant was valid and binding, and the judgment of the trial court must be affirmed.

*Affirmed.*