## Grievance of James Cronan, Terrance D. Martin, William O'Leary, Charles Stokes, Leo D. Willey, and Michael L. Woodard

[563 A.2d 1316]

No. 83-565

Present: **Allen, C.J., Peck, Gibson and Mahady, JJ.**

Opinion Filed May 19, 1989

*Michael R. Zimmerman, VSEA Staff Attorney,* Montpelier, for Plaintiffs-Appellants.

*Jeffrey L. Amestoy, Attorney General,* and *Michael Seibert, Assistant Attorney General,* Montpelier, for Defendant-Appellee.

**Mahady, J.** The principal issue in this appeal from the Vermont Labor Relations Board concerns the proper construction to be given to the "call in" provision of the State Police Unit Agreement in effect from July 1, 1982, to June 30, 1984. The Board accepted the position of the State and held that the provision (which guaranteed a minimum of three hours' pay at the straight time rate of pay) did not apply to situations in which a state police officer was required to appear in court during off-duty hours provided the officer had received advance notice of the necessity to appear in court at a specified off-duty time. The grievants, uniformed state police officers, appealed. We reverse.

A previous Agreement, in effect from July 1, 1981, to June 30, 1982, contained a similar "call in" provision. The pertinent language of the 1982-1984 Agreement provided:

> An employee who is called in to work at any time other than continuously into his normal scheduled shift shall be considered as working overtime during all such hours worked and shall be guaranteed a minimum of three hours' pay at the straight time rate of pay . . . .

Under both Agreements, during the period July 1, 1981, to October 18, 1982, the Department of Public Safety applied this provision to any off-duty court appearance, even where the officer received advance notice. During the same time period, the Department of Personnel did not apply a similar "call in" provi-

sion contained in other state employee unit agreements to situations in which the employee received advance notice of the off-duty work requirement.

The State Police Unit Agreement at issue was negotiated during the period from July of 1981 to November of 1981. It was ratified by unit members in December of 1981 and was executed on May 6, 1982. During this entire period, the Department of Public Safety was applying the "call in" provision of the 1981-1982 Agreement to required off-duty court appearances even though the officer had received advance notice. From the effective date of the 1982-1984 Agreement, July 1, 1982, until October 18, 1982, the Department of Public Safety continued to apply the provision in this manner.

However, on June 10, 1982, the Board issued its decision in *Grievance of Dickerson,* 5 VLRB 249 (1982). The Board held that the "call in" provision in the master state employees' agreement applied only to situations where the employee had received no advance notice. As a result of that decision, on October 18, 1982, the Department of Public Safety, at the direction of the Department of Personnel, changed its application of the "call in" provision of the 1982-1984 State Police Unit Agreement thereby giving rise to this dispute.

A labor agreement " 'will be interpreted by the common meaning of its words where the language is clear.' " *In re VSEA, Inc.,* 141 Vt. 616, 619, 451 A.2d 1136, 1137 (1982) (quoting *In re Stacey,* 138 Vt. 68, 71, 411 A.2d 1359, 1361 (1980)). The employer argues that the phrase "called in" is sufficiently clear to require the application of this basic rule of construction. However, the Board itself in *Dickerson* noted that "there is no universal definition of 'call in.' " 5 VLRB at 254.

Moreover, it appears that the Board overlooked the language of the Agreement which provided that the "call in" provision applied to "an employee who is called in to work *at any time other than continuously into his normally scheduled shift.*" This language at least implies that the "call in" provision should be applied whenever the overtime is not continuous with a normally scheduled shift.

In *Dickerson,* the Board appropriately noted that negotiations conducted subsequent to the Agreement at issue were not pertinent. *Id.* at 252. Here, the Agreement at issue was negotiated, ratified and executed during a period of time in which the parties

were interpreting and applying the provision under the then-existing contract in a particular manner.

The cardinal principle in the construction of any contract is to give effect to the true intention of the parties. *Shell Oil Co.* v. *Jolley,* 130 Vt. 482, 490, 296 A.2d 236, 240 (1972). Therefore, "[w]ords are to be given their plain and normal meaning[,] except . . . [u]sage may vary the normal meaning of words." L. Simpson, Contracts 209 (2d ed. 1965). A particular usage may vary the plain meaning of an agreement's language where it appears that the parties contracted with reference to the usage. *Id.* at 207.

The employer and the employee entered into the Agreement in the context of their particular usage and application of the "call in" provision under their previous Agreement.

Even if the intent of the parties were in doubt, the practical construction placed upon an instrument by the parties would be controlling in determining the meaning of the instrument. *Davidson* v. *Vaughn,* 114 Vt. 243, 249, 44 A.2d 144, 147-48 (1945). Following the execution of the Agreement on May 6, 1982, the practical construction placed upon it by the parties applied the "call in" provision to any off-duty court appearance.

Given the context in which the Agreement was reached together with the practical construction placed upon it by the parties after its execution, it was clearly intended that the "call in" clause was to be applied to any such court appearance even if the officer received advance notice.

*Reversed and remanded for further proceedings consistent with this opinion.*

**Peck, J.**, dissents without opinion.