STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of J.D. Associates          }
                                          }
                                          }    Docket No. 83-5-99 Vtec
                                          }
                                          }

Decision and Order on Scope and Standard of Review

Appellant appealed from a decision of the Development Review Board (DRB) of the Town of Morristown granting conditional use approval to Appellee-Applicant North Country Animal League for an animal shelter facility. Appellant is represented by Harold Stevens, Esq.; Appellee-Applicant is represented by Jeff W. Lively, Esq.; the Town is represented by Joseph S. McLean, Esq. The parties have filed memoranda on the scope and standard of review that should apply in this on-the-record appeal.

The above-captioned appeal is the only one remaining of three on-the-record appeals filed with the Court from various iterations of Appellee-Applicant= s proposal to establish an animal shelter facility in Morristown. The first appeal, Docket No. 242-12-98 Vtec, proposed a facility with an outdoor dog run on the former Schillhammer property. The second appeal, Docket No. 83-5-99 Vtec (the only one remaining), proposed a similar[1] facility with an outdoor dog run on the former Vartanian property. The third appeal, Docket No. 36-2-00, amended the proposal in the second appeal to propose an indoor dog run; it was dismissed as having been untimely appealed. However, because the DRB in that action only approved an amendment of the project appealed in Docket No. 83-5-99 Vtec, and did not approve the complete facility as amended, we denied Appellee-Applicant= s motion to dismiss Docket No. 83-5-99 Vtec as moot.

Because of that procedural history, and because this is the first on-the-record appeal to proceed to consideration in this Court, the state of the record has become confused. V.R.C.P. 74(d) requires the clerk of the DRB to A transmit the papers and exhibits filed@ in the proceeding to the clerk of the Court within 30 days of the filing of the notice of appeal. On January 15, 1999, the Court received a packet of photocopies of materials[2] and a large size copy of the site plan filed in the application which resulted in Docket No. 242-12-98 Vtec. We received an inventory of those materials on June 21, 1999. However, when the second appeal was filed in May of 1999, the clerk of the Board does not appear to have transmitted the record of the second appeal, which should have included at least the site plan for the new location and the April 27, 1999 Notice of Decision, as well as any additional material submitted at any hearings held on the new application. The file for the third appeal, including the materials supplied as its record, has been transmitted to the Vermont Supreme Court. In addition to the written documents, the Court has been provided by the Town with copies of all the audio tapes from all the hearings held in all three proceedings. However, no party has had any portion of the proceedings transcribed.

Appellant has posed seven questions in its statement of questions. Of these, Question 7 and Question 1 are legal questions to be decided independently by the Court, even in an on-the-record appeal, just as the Vermont Supreme Court decides legal questions arising in appeals from the trial courts. Question 1, whether the proposed animal shelter qualifies as a A community facility@ under the Zoning Bylaw, has been posed to the Court by summary judgment and we are awaiting Appellee-Applicant= s memorandum on the issue. As to Question 7, whether the Town is a proper party, it has not been posed to the Court by a motion to dismiss the Town as a party, and so will be addressed, if at all, at the same time as the merits of the other five questions. The remaining five questions ask whether the proposal meets various of the conditional use criteria.

Where the enabling statute is silent[3], the starting point for determining the appropriate standard of review in an on-the-record appeal, that is, the amount of deference to give to the DRB= s decision, is to examine the nature of the proceedings appealed from. When the proceeding appealed from is an evidentiary type of proceeding, such as a lower court trial or a contested case proceeding before an administrative agency, then it is appropriate to give great deference to the factfinder, especially if it involves matters within the particular expertise of a particular administrative body. In re Johnston, 145 Vt. 318, 321-22 (1985); State of Vermont Dept. of Taxes v. Tri-State Industrial Laundries, Inc., 138 Vt. 292, 294(1980).

On the other hand, when the proceeding appealed from is not a contested case or evidentiary proceeding, but is instead is a proceeding in which any interested person may present information and argument without its being tested for relevance or other evidentiary sufficiency, somewhat less deference is given to the decisionmaker. Conservation Law Foundation v. Burke, 162 Vt. 115 (1993). That is, in reviewing informal agency action, the factual findings of the administrative body are not conclusive, but the court still must determine if substantial evidence exists in the record as a whole from which the factual findings of the administrative body might reasonably be inferred. This is the standard the Court proposes to apply in the present appeal.

The Vermont Supreme Court discussed the court= s need for a complete record of this type of informal decisionmaking at length in Conservation Law Foundation v. Burke, 162 Vt. 115, 127 (1993):

In order for judicial review to proceed on the record, it is critical that the court have before it the full agency record that was before the [decisionmaker] at the time [it] made [the] decision. Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971), overruled on other grounds by Califano v. Sanders, 430 U.S. 99, 105 (1977); see also Camp v. Pitts, 411 U.S. 138, 142 (1973) (A focal point for judicial review should be the administrative record already in existence@ ). The record for review is not necessarily limited to that submitted by the agency; it A consists of all documents and materials directly or indirectly considered by agency decision-makers.@ See Thompson v. United States Department of Labor, 885 F.2d 551, 555 (9th Cir. 1989) (quoting Exxon Corp. v. Department of Energy, 91 F.R.D. 26, 32 (N.D. Tex. 1981) (emphasis in original)). Thus, A if the agency decisionmaker's decision is based on the work and recommendations of subordinates, the record should include all documents considered by the agency employees whose input reached the decisionmaker.@ McMillan & Peterson, The Permissible Scope of Hearings, Discovery, and Additional Factfinding During Judicial Review of Informal Agency Action, 1982 Duke L.J. 333, 342.

It appears to the Court that we do not have a complete record of what was before the DRB leading up to the April 27, 1999 decision on appeal in the present case, even though the record filed in Docket No. 242-12-98 Vtec has been transferred by agreement to this case. We will hold a conference on June 1, 2001 to arrange for the full DRB record to be provided to the court, to discuss whether any transcripts of any portion of the oral proceedings will be provided, to discuss the briefing schedule for the pending motion for summary judgment, and to determine whether Appellant intends to pursue or withdraw Question 7 of the Statement of Questions.

Done at Barre, Vermont, this 15th day of May, 2001.

_____

Merideth Wright
Environmental Judge

---

**Footnotes**

1.     The Court has not been supplied with the documents comprising the "record" on appeal in this second appeal, although it has been supplied with copies of the audio tapes, and therefore the Court does not have before it a site plan for the proposed location on the former Vartanian property, or any indication of the changes in the facility at the proposed location.

2.     The warning for and minutes of the public hearing on April 23, June 11, August 13 and October 8, 1998, were not included. The final document in the package was intended to be the Notice of Decision appealed from; however, only copies of the odd-numbered pages were included.

3.     In Act 250 appeals, the standard of review is stated in 10 V.S.A. §6089(c): "The findings of the board with respect to questions of fact, if supported by substantial evidence on the record as a whole, shall be conclusive." The Vermont Supreme Court "will affirm the Board's findings if based on evidence properly before the Board that is relevant and that a reasonable person might accept as adequate to support a conclusion." In re Wal* Mart Stores, Inc., 167 Vt. 75, 80 (1997). See, also, In re Sherman Hollow, Inc., 160 Vt. 627 (1993); In re Quechee Lakes Corp., 154 Vt. 543 (1990).