## STATE OF VERMONT

## ENVIRONMENTAL COURT

SECRETARY, Vermont }
Agency of Natural Resources }
}
} Docket No. 204-9-00 Vtec
v. }
}
RICHARD DESO, Respondent }

### Decision and Order on Motion to Amend

Respondent is represented by Richard A. Gadbois, Esq.; and the Secretary of the Agency of Natural Resources is represented by Gary S. Kessler, Esq. Respondent has moved to amend the November 27, 2001 Decision and Order with regard to the calculation of the civil penalty.

First, Respondent argues that the court failed to consider that the Agency of Natural Resources allowed the subsequent owner of the gasoline pumping station to operate without immediately installing the required Stage II Vapor Recovery System (Stage II). The Agency agrees that testimony at trial reflected that the subsequent owner was granted an extension of time to install Stage II because he intended to demolish the old station and build a new station at that location. Respondent appears to argue that the fact that the subsequent owner was allowed to operate implies a more diminished " degree of actual or potential impact on public health, safety, welfare and the environment" (10 V.S.A. § 8010(b)(1)) than the imposed penalty suggests. However, any extension granted to the subsequent owner does not affect the actual impact on the environment and potential for harm during Respondent' s tenure, " due to the release of air pollutants that would not have been released if the [Stage II] had been had been in place and operating." Decision and Order at 11.

Second, Respondent argues that the court erred by including in the calculation of Respondent' s economic benefit his post-violation profit rather than his relative " competitive advantage over his competitors," which he estimates to be significantly lower than his profit. However, § 5-253.7 of the Air Pollution Control Regulations prohibited Respondent from dispensing gasoline after the date on which Stage II was required to have been installed. The statute requires the removal of the economic benefit received from the violation. 10 V.S.A. § § 8010(b)(5). It is intended to " prevent the unfair economic advantage obtained by persons who operate in violation of environmental laws." 10 V.S.A. § 8001(2). The benefit Respondent received is not limited to his avoided costs, as Respondent argues. Rather, it properly includes the profit illegally obtained after Stage II should have been installed, as the regulations otherwise required Respondent to have ceased operations. See Vermont Agency of Natural Resources v. Earth Construction, Inc., 165 Vt. 160 (1996).

Lastly, Respondent argues that the deterrence rationale under 10 V.S.A. § 8010(b)(6) does not apply to him because he no longer owns any gasoline pumping stations. This is an argument that § 8010(b)(6) only authorizes specific deterrence. The goal of deterrence authorized by 10 V.S.A.

§ 8010(b)(6), however, is not limited to the specific deterrent effect on Respondent, but applies to others as well. See <u>Vermont Agency of Natural Resources v. Bean</u>, 164 Vt. 438, 443 (1995).

Accordingly, based on the foregoing discussion, Respondent's motion to amend is hereby DENIED.

Done at Barre, Vermont this 28th day of January, 2002.


_____
Merideth Wright
Environmental Judge